UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04219-WLH-MAR | Date | August 5, 2026 |
| Title | ***Galeas Dolores Eris v. Department of Homeland S. et al*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

The Court is in receipt of Petitioner Galeas Dolores Eris's (A No. 94313207) *Ex Parte* Application for Temporary Restraining Order (the "Application"). (Application, Dkt. No. 2). For the reasons explained herein, the Court **DENIES** the Application in part and **GRANTS** it in part.

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In determining whether to issue a TRO, courts apply the four Winter factors (the "*Winter* Factors"), which also guide the evaluation of a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the analyses for a TRO and a preliminary injunction are "substantially identical"). If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. L.R. 65-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Because the issuance of a TRO or preliminary injunction is an extraordinary remedy, a petitioner requesting such relief bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). While Petitioner argues, among other things, that his detention is unlawful and seeks immediate release, Petitioner fails to attach or reference any declarations, exhibits or affidavit, under penalty of perjury, in his Application for the Court to review. Petitioner fails to file a separate, written declaration made under penalty of perjury that sets forth specific facts based on personal knowledge that supports his claim for immediate release. Argument alone is insufficient as the Petitioner must submit evidence to carry his burden of demonstrating that he is entitled to a TRO. *See Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A movant carries the burden of persuasion and must make a clear showing of entitlement to the requested relief."). Accordingly, the Court finds that Petitioner failed to present any evidence to prove his burden that a TRO or preliminary injunction is warranted.

Nevertheless, Respondents concede that "Petitioner appears to be entitled to request and receive an initial bond hearing." (Response at 2, Dkt. No. 8). Accordingly, the Court **ORDERS** Respondents to provide Petitioner with a bond hearing, for which he will be given reasonable notice and time to prepare and at which he will be given an opportunity to be heard, within 7 days of this Order or at a later date as requested by Petitioner. Respondents are further **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

The Court must **DENY** the remainder of the Application without prejudice in its current form as to the remaining relief sought. Accordingly, the Application is **GRANTED** in part and **DENIED** in part. The Court **ORDERS** that further proceedings

///

///

on the merits of the habeas petition are referred to Magistrate Judge Margo A. Rocconi for a report and recommendation.

**IT IS SO ORDERED.**